

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,944-03

### EX PARTE REGINALD WAYNE EMERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F89-91792-N IN THE 195TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a vehicle and sentenced to 35 years' imprisonment.

Applicant contends, in relevant part, that the September 18, 2018, parole revocation hearing violated due process, and that he was denied his right to counsel. Based on materials provided by the Texas Department of Criminal Justice, Pardons and Paroles Division, and the Classification and Records Department, the trial court determined that, under the unique facts of this case, fundamental fairness required that Applicant be provided with counsel. Accordingly, the revocation of

Applicant's parole violated due process. The trial court also found insufficient evidence of the two alleged violations that resulted in revocation. The court recommends that Applicant be reinstated to parole and that any collateral consequences, such as forfeiture of time credits due to the improper revocation, be removed.

The trial court's determination that the record shows a due process violation is supported by the record. Relief should be granted. The Pardons and Paroles Division shall either reinstate Applicant to parole or reopen the revocation proceedings. Applicant's remaining claims lack merit and are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 11, 2019
Do not publish